UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES LEE KINLAW, JR.,

    Plaintiff,

v.                                         Case No. 3:19-cv-473-J-39JBT

PUTNAM COUNTY SHERIFF'S
OFFICE/JAIL,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff James Lee Kinlaw, Jr., a pretrial detainee at the Putnam County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names one Defendant: the Putnam County Sheriff's Office/Jail. In his Complaint, Plaintiff asserts a violation of "Federal Law/Mailing Rights." See Complaint at 3. He claims someone delivered legal documents to the jail for him, but he never received them. Id. at 4. He states he suffers mental anguish and depression and had a flare-up of his PTSD. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th

Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff names as a defendant an entity, as opposed to an individual person, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming the district court's dismissal of claims against a county sheriff's office because in Alabama, sheriff's departments lack the capacity to be sued). In Florida, a sheriff's office is not a legal entity subject to suit in a civil rights action brought under § 1983. Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control."). See also Herrera v. Rambosk, No.

217CV472FTM29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)).

Plaintiff fails to identify a "person" who deprived him of a constitutional right. Rather, he sues the Putnam County Sheriff's Office/Jail, which is not a legal entity subject to suit under § 1983. Accordingly, the Putnam County Sheriff's Office/Jail is due to be dismissed from this action. Moreover, to the extent Plaintiff intends to state a claim under the First Amendment for a denial of access to the courts, his allegations are insufficient. To state a claim for denial of access to the courts, a plaintiff must allege an actual injury. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006); Lewis v. Casey, 518 U.S. 343, 349-50 (1996). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). The Eleventh Circuit has held an access-to-courts violation arises in limited types of cases: nonfrivolous appeals, petitions for habeas corpus, and civil rights actions. Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008).

Plaintiff states he has experienced anxiety, depression, and PTSD flare-ups because he "was in need of the legal work to try to prepare [his] deffense [sic] in [his] case but was let down horribly." Complaint at 5. These allegations do not demonstrate Plaintiff suffered an "actual injury" as defined by the Eleventh Circuit. Because Plaintiff does not state a cognizable claim under § 1983, his case will be dismissed under § 1915(e)(2)(B). To the extent Plaintiff is experiencing difficulties with the jail, he should continue seeking relief through the jail grievance process. With respect to Plaintiff's criminal action, he should contact his attorney.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James Lee Kinlaw, Jr.

4